UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

REGINALD WAYNE GUILLORY, §
 §
  Petitioner, §
VS. § CIVIL ACTION NO. 4:16-CV-2689
 §
LORIE DAVIS, §
 §
  Respondent. §

**MEMORANDUM OPINION AND ORDER**

## I.   INTRODUCTION

The petitioner, Reginald Wayne Guillory, seeks a writ of habeas corpus challenging his state court conviction, for possession of a controlled substance, pursuant to 28 U.S.C. § 2254. The respondent has answered with a motion for summary judgment (Dkt. No. 10), arguing that Guillory's claims are successive. After considering all of the pleadings, the state court records, and the applicable law, this Court determines that the respondent's motion for summary judgment should be granted.

## II.   FACTUAL BACKGROUND

On July 17, 1997, following a jury trial, adjudging him guilty, the petitioner was sentenced to twenty-five years confinement for possession of a controlled substance. Thereafter, the petitioner filed an appeal alleging that the evidence presented during trial was factually insufficient to support his conviction. He further alleged that the court erred in overruling his objection to an improper argument made by the prosecutor during the "guilt/innocence phase." The Texas Fourteenth Court of Appeals affirmed the trial court's judgment of conviction. *See Guillory v. State*, No. 14-97-00909-CR (Tex. App.—Houston [14th Dist.] May 20, 1999). On

October 20, 1999, the Texas Court of Criminal Appeals ("TCCA") refused the petitioner's petition for discretionary review.

Following direct appeals, the petitioner filed a state application for a writ of habeas corpus challenging his conviction. The application raised six claims that were denied by the TCCA without a written order based on findings made by the trial court. Following the denial of his writ by the state court, the petitioner filed an application for federal habeas relief. The federal petition included 20 claims of error, including ineffective counsel, unlawful arrest, coerced confession, and conspiracy. On January 10, 2003, this Court denied the petitioner's federal petition for habeas corpus relief and dismissed it with prejudice. *See Guillory v. Cockrell*, No. H-02-0933 (S.D.T.X. JAN. 10, 2003). Nevertheless, on August 26, 2016, the petitioner filed the instant petition in this Court.

## III.     CONTENTIONS OF THE PARTIES

The petitioner raises three grounds for relief in his federal habeas. He contends that: (1) he was deprived of a fair trial due to ineffective assistance of counsel; (2) his arrest was unlawful; and (3) his statement to police was involuntary.

In response to the petitioner's contentions, the respondent asserts that it is entitled to a summary judgment dismissing the petitioner's petition because it is a successive petition pursuant to 28 U.S.C. § 2244(b). Accordingly, the respondent contends that this Court lacks subject matter jurisdiction to adjudicate the merits of the petitioner's claim and that a summary judgment of dismissal is warranted.

## IV.    STANDARDS OF REVIEW

### A.  Habeas Corpus Petitions

A district court shall have jurisdiction of an application for a petition to receive federal habeas corpus relief as long as the petitioner is in custody pursuant to the judgment of a state court decision, and his or her custody is in violation of the Constitution, laws, or treaties of the United States.   28 U.S.C. § 2254(a).   The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs federal petitions filed for habeas corpus relief.  *See Lindh v. Murphy*, 521 U.S. 320, 334 – 36, 117 S. Ct. 2059, 138 L. Ed.2d 481 (1997).   The petition should not be granted unless it appears the "applicant has exhausted the remedies available in the courts of the State," there is an "absence of available State corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b); *see also Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 787, 178 L. Ed. 2d 624 (2011). Furthermore, under the AEDPA, federal habeas relief based on claims that were adjudicated on the merits by state courts cannot be granted unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d); *see also Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

### B.    Successive Claims

A claim is considered second or successive when a petitioner files a second federal habeas corpus petition.  28 U.S.C. § 2244(b).  The Fifth Circuit has recognized that "a prisoner's

application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" and must be dismissed when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). However, an exception exists if the claim is based on a new or retroactive rule of constitutional law, or raises new facts that "could not have been discovered previously through the exercise of due diligence". However, the new facts of the claim must be "proven and viewed in light of the evidence as a whole, must be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. *See* [§ 2244(b)]; *see also In re Chase*, 804 F.3d 738, 739 (5th Cir. 2015). Before a second or successive application is filed in the district court the applicant must move in the appropriate Court of Appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

### C.    *Summary Judgment in Habeas Corpus*

Summary judgment must be granted if the movant proves there is no genuine issue of material fact. Fed. R. Civ. P. 56(a). When determining whether to grant or deny a motion, the facts are viewed in a way most favorable to the nonmoving party. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2017 (2014). However, when a summary judgment motion is filed against a habeas corpus petition, the facts previously found by the state are presumed correct and can only be rebutted with "clear and convincing evidence." *See* [§ 2254(e)(1)]; *see also Austin v. Davis*, 647 Fed. Appx. 477, 483 (5th Cir. 2016).

## V.    DISCUSSION AND ANALYSIS

The respondent argues that the petitioner's claims are successive. The pleadings show that the petitioner's current habeas challenges the same claims that he previously filed in this Court. *See Guillory v. Cockrell*, No. H-02-0933 (S.D.T.X. JAN. 10, 2003). In his previously-filed case, the Court considered the validity of his conviction including claims similar to those presented in this pending petition. Namely, claims for ineffective assistance of counsel, unlawful arrest, and the voluntariness of his statement to police were all addressed. Ultimately, the Court granted the respondent's motion and dismissed the petitioner's petition with prejudice. Because the petitioner's prior petition addressed his claims, this Court lacks jurisdiction to consider his second petition absent prior authorization from the Fifth Circuit Court of Appeals. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Accordingly, the petitioner's application for a second petition for writ of habeas corpus should be dismissed.

## V.    CONCLUSION

For the foregoing reasons stated, this Court lacks jurisdiction over the petitioner's petition for habeas relief. Thus, the respondent's motion for summary judgment is treated as a motion to dismiss. The petitioner's petition is hereby DISMISSED with prejudice.

## VI.    CERTIFICATE OF APPEALABILITY

Petitioner has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has

denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully considered each of the petitioner's claims. While the issues raised are clearly important and deserving of the closest scrutiny, this Court finds that each of the claims is foreclosed by clear, binding precedent. This Court concludes that under such precedents, the petitioner has failed to make a "substantial showing of the denial of a constitutional right." § 2253(c)(2).

It is so Ordered.

SIGNED on this 29th day of June, 2017.

_____
Kenneth M. Hoyt
United States District Judge